[No. 2723. Decided March 17, 1898.]

THE FIRST NATIONAL BANK OF OLYMPIA, *Respondent*, v. MILO A. ROOT *et al.*, *Defendants*, CHARLES T. LANS-DALE, *Administrator, Appellant.*

DECEDENT'S ESTATE— CLAIMS —ACTION ON REJECTED CLAIM— EVIDENCE.

In presenting to the administrator of an estate a claim based upon a promissory note, a copy of the note verified by affidavit is sufficient under Code Proc., § 980 (Bal. Code, § 6229), without producing the original, unless the production of the latter for examination may have been demanded by the administrator.

In an action against an administrator upon a claim founded upon a promissory note, which had been rejected by him, both the original note and the rejected statement of claim containing a copy of the original note, are admissible in evidence.

Appeal from Superior Court, Thurston County.—Hon. ORANGE JACOBS, Judge. Affirmed.

*John R. Mitchell*, for appellant.

*T. N. Allen*, for respondent.

The opinion of the court was delivered by

REAVIS, J.—Action brought to recover judgment on a promissory note executed by defendants Root and wife and R. H. Lansdale and M. P. Lansdale on the 4th of October, 1895, payable six months after date, to the order of respondent. On November 21 following M. P. Lansdale died intestate. On March 23, 1896, appellant Charles T. Lansdale received letters of administration on the estate of M. P. Lansdale, so deceased, and has since been such administrator. On April 26, 1896, respondent presented to the administrator Charles T. Lansdale a verified statement of the claim evidenced by the note, which statement contained a copy of the note. This statement of claim was on July

15, 1896, indorsed "rejected," and returned by appellant administrator to respondent. On July 15, 1896, respondent again presented to appellant a verified statement of the claim which contained a copy of the note, which claim was, on July 27th following, rejected by appellant, which rejection was indorsed on the statement of the claim. On the trial of the cause the two statements of claims, as mentioned before, were offered in evidence by respondent and received by the court over the objection of appellant, and the promissory note itself was also offered in evidence by respondent and received over appellant's objection. The cause was tried before a jury and appellant offered no testimony. The superior court, on motion of respondent's counsel and over the objection of appellant, instructed the jury to return a verdict according to the prayer of the complaint, and judgment was entered upon such verdict. The only error assigned by appellant is the admission of the rejected statements of claims and the promissory note in evidence. The appellant maintains that the promissory note itself is the claim meant by our probate laws, and not a copy verified by affidavit which was offered to the administrator in this case. But § 980, 2 Hill's Code (Bal. Code, § 6229). contains this clause:

"The executor or administrator may also require satisfactory vouchers to be produced in support of the claim."

It will thus be seen that the administrator could have demanded the production for his examination of the promissory note in question, but he did not do so. Every claim which has been allowed must be filed in the court, and it is then ranked among the acknowledged debts of the estate, to be paid in the course of the administration. We see no particular reason for filing the promissory note with the clerk of the superior court until it is paid. It may be noted here, too, that although the promissory note in contro-

versy is negotiable, yet its negotiability had terminated at the time of the presentation to the administrator, it then being overdue. So the suggestion that negotiable paper might pass from the administrator to an innocent purchaser is not in point here.

We perceive no error in the record before us, and the judgment of the superior court is affirmed.

DUNBAR, GORDON and ANDERS, JJ., concur.